IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRYSON BURNSIDE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 C 2957 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| AFNI, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Bryson Burnside filed a one-count complaint alleging that defendant, AFNI, Inc., violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). Defendant has filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). For the reasons stated below, the court denies defendant's motion.

## BACKGROUND[1]

Defendant is a debt collector seeking to collect an alleged debt for AT&T telephone services rendered to plaintiff. Defendant mailed a letter to plaintiff's parents' residence in an attempt to collect the alleged debt from plaintiff. The letter was addressed to plaintiff. Plaintiff had not lived at his parents' address for four years and that address is not where the service was provided. Plaintiff's parents opened the letter and discovered the debt collection, to plaintiff's embarrassment.

---

[1] The following facts are taken from plaintiff's complaint and are assumed to be true for purposes of this motion to dismiss. See Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995).

**DISCUSSION**

**Standard of Review**

A party may move for judgment on the pleadings after the pleadings are closed and early enough not to delay trial. Fed. R. Civ. P. 12(c). Courts "review the judgment for the defendants by employing the same standard . . . when reviewing a motion to dismiss under Rule 12(b)(6)." Pisciotta v. Old Nat. Bancorp, 499 F.3d 629, 633 (7th Cir. 2007). All well-pleaded allegations in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. Id. As with Rule 12(b) motions, courts grant a Rule 12(c) motion only if "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." Thomason v. Nachtrieb, 888 F.2d 1202, 1204 (7th Cir. 1989). A plaintiff must always "allege 'enough facts to state a claim to relief that is plausible on its face.'" Limestone Dev. Corp. v. Vill. of Lemont, Ill., 520 F.3d 797, 803 (7th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

**Analysis**

Plaintiff alleges that defendant, in attempting to collect a debt for AT&T services, communicated with a third party in violation of the FDCPA. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged..." 15 U.S.C. § 1692(e). Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Plaintiff complains that

defendant violated FDCPA section 1692c, which prohibits debt collectors from communicating with third parties regarding the collection of a consumer's debt:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. §1692c(b). The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. §1692a(2).

**Communication with a Third Party**

Defendant moves for judgment on the pleadings, arguing that sending a letter to plaintiff's parents' home, but addressed to plaintiff, was not a communication with a third party under the FDCPA. Defendant's principal argument is that because the envelope was addressed with plaintiff's name only, it was not sent to and cannot be considered a communication to a third party. The issue turns on whether a letter bearing plaintiff's name but the street address of plaintiff's parents can be considered a communication under the meaning of the act.[2] More narrowly, did the mailing convey information about plaintiff's debt directly or indirectly to his parents through any medium?

---

[2]Because the parties do not dispute the factual manner in which the letter was addressed, the court need not address whether the sample envelope defendant attached to its response should be considered here. There are no allegations that render the envelope material, and the actual envelope was not the document defendant attached. As defendant points out in its reply, the envelope is not related to how the letter was addressed, and plaintiff does not allege that the envelope violated the FDCPA.

Despite the name on the letter, the debt collection letter was received at plaintiff's parents' residence. The "factual allegations in the complaint must be sufficient to raise the possibility of relief above the speculative level, assuming that all well-pleaded allegations in the complaint are true." See Felsenthal v. Travelers Property Cas. Ins. Co., No. 12-cv-7402, 2013 WL 469475 (N.D.Ill. Feb. 7, 2013), citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The letter was successfully delivered to its destination. That the letter bore plaintiff's name and not his parents' does not negate the fact that a third party learned of plaintiff's alleged debt; defendant, a debt collector, attempted to collect an alleged debt from the third party's address. The spirit of the FDCPA is to protect consumers from abusive debt collection practices. "Because it is designed to protect consumers, the FDCPA is, in general, liberally construed in favor of consumers to effect its purpose." Blair v. Sherman Acquisition, 04 C 4718, 2004 WL 2870080, at *2 (N.D. Ill. Dec. 13, 2004). The liberal construction of the FDCPA counsels in favor of a determination that plaintiff has alleged sufficient facts to survive a motion for judgment on the pleadings.

**Letter Not Sent "Care of"**

Defendant's motion asserts that because its letter was not sent "care of" plaintiff's parents, plaintiff cannot claim that the communication was with a third party. Defendant's motion attacks plaintiff's citation to Evon v. Law Offices of Sidney Mickell, 688 F.3d 1015 (9th Cir. 2012), where a letter sent "care of" a debtor's employer and marked "private and confidential" was found to violate the FDCPA provision against communication with third parties. In that case, the collector had the debtor's address, but chose not to use it. Here, plaintiff claims defendant knew the address where the service was provided and knew or should have

known plaintiff's current residence, but chose not to use it. The Evon court explained that allowing collection letters to be sent to addresses other than the debtor's address by adding "care of" would undermine the protections the FDCPA was meant to secure, and identified "parents, neighbors, friends, or relatives" as third parties to whom collection letters should not be sent. Id. at 1026. Defendant argues that the facts alleged here do not rise to the level found sufficient in Evon. The Ninth Circuit looked to many factors to determine that the letter was a prohibited communication under the Act, but that does not mean that plaintiff must demonstrate the same exact facts here. Although Evon may not be dispositive, its rationale leads the court to find that in the instant case plaintiff has alleged a violation of the FDCPA.

**Defendant's Intent**

Next, defendant argues that the FDCPA is not meant to protect consumers against "inadvertent" disclosures, claiming that this disclosure to a third party was accidental. Plaintiff alleges that defendant knew the address where service was provided and knew or should have known his address at the time the letter was sent.[3] In any event, defendant correctly asserts that the issue of intent cannot be reached unless a violation has been found. Because the court finds that plaintiff has adequately pled a communication to a third party, the question of intent need not be addressed at this stage.

---

[3]Defendant both denies this and states it is "unable to determine the truth or falsity" of the allegation. Federal Rules of Civil Procedure Rule 8(b) allows for three options in an answer: to admit, deny, or state that defendant "lacks knowledge or information sufficient to form a belief about the truth of an allegation." F.R.C.P. 8(b). "[T]he second sentence of Rule 8(b) marks out an unambiguous path for any party that seeks the benefit of a deemed denial when he, she or it can neither admit outright nor deny outright a plaintiff's allegation." State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001).

**Plaintiff's Parents' Involvement**

Defendant argues the court should consider plaintiff's parents' action in opening the letter because it was unforeseeable that a third party would open mail not directed to them. Although plaintiff's parents' involvement may be relevant to the level of damages, it is not relevant to the question of whether defendant communicated with a third party when it attempted to collect an alleged debt. In light of the FDCPA's purpose and liberal interpretation, and the expansive definition of "communication," the court need not evaluate the third party's conduct to determine whether plaintiff has sufficiently pled a violation of the FDCPA.

## **CONCLUSION**

For the reasons stated above, the court denies defendant's motion for judgment on the pleadings. The parties are instructed to file a joint status report consistent with this court's form on or before November 8, 2013. This matter is set for a status hearing November 14, 2013 at 9:00 a.m.

**ENTER:** October 21, 2013

_____
**Robert W. Gettleman
United States District Judge**